**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

WALTER L. LARZIK,

   Plaintiff,

v.                                                             Case No. 0:21-cv-60497

NATIONWIDE RECOVERY
SYSTEMS, LTD.,

   Defendant.

## COMPLAINT

**NOW COMES** Plaintiff, WALTER L. LARZIK, by and through his undersigned counsel, complaining of Defendant, NATIONWIDE RECOVERY SYSTEMS, LTD., as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## PARTIES

5. WALTER L. LARZIK ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in Fort Lauderdale, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Fla. Stat. §559.55(8).

8. NATIONWIDE RECOVERY SYSTEMS, LTD. ("Defendant") is a limited corporation with a principal place of business at 4635 McEwen Road, Dallas, Texas 75244.

9. Defendant specializes in third-party debt collection for hospitals and health systems.

10. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

11. Defendant is a "debt collector" as defined by Fla. Stat. §559.55(7) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12. At some point, Plaintiff received medical services from Optimal Infusion Services.

13. Plaintiff has had numerous health issues over the years and has been in and out of the hospital and various surgeries for several years.

14. Plaintiff has insurance through his Veteran's Assistance ("VA") benefits, which covers a majority of his medical bills with very little out-of-pocket cost to Plaintiff.

15. In or around December 2020, Plaintiff started receiving phone calls from Defendant.

16. During Plaintiff's first phone call with Defendant, Defendant stated that Plaintiff owes a medical bill in the amount of $433.68 (alleged "subject debt").

17. The subject debt is a "debt" as defined by 15 U.S.C. §1692a(5).

18. Plaintiff informed Defendant that he has health insurance through his VA benefits and that he does not owe the subject debt.

19. During this phone call, Defendant's representative was extremely rude to Plaintiff.

20. After this treatment, and because Plaintiff did not believe he owed the subject debt, Plaintiff requested that Defendant stop calling him.

21. Unfortunately, Defendant's phone calls continued.

22. Specifically, on February 24, 2021, Plaintiff received yet another unwanted and unconsented to phone call from Defendant.

23. During this phone call, Defendant's representative was again extremely rude, going as far as to call Plaintiff a loser after Plaintiff explained all of his medical issues.

24. Plaintiff placed a return phone call to the number from which Defendant was calling to verify the debt on which it was collecting.

25. Concerned that Defendant's company was a scam, because of the refusal to stop calling him, Plaintiff placed a phone call to Defendant at the phone number listed on Defendant's website, (800) 458-6357.

26. Defendant's representative, Annette, spoke with Plaintiff, during this phone call.

27. Annette did not identify the company as Nationwide Recovery Systems, but instead stated the business name as "Optimal Infusion Services."

28. Also, Annette did not state the language regarding Plaintiff's rights as required by FDCPA §1692e(11).

29. Concerned about Defendant's abusive collection practices, Plaintiff retained counsel to help with this matter.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

27. Paragraphs 12 through 29 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of FDCPA § 1692d**

28. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

29. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

30. Defendant violated §1692d during phone calls when Defendant's representative was rude to Plaintiff and called Plaintiff a loser.

31. Specifically, Defendant's conduct of calling Plaintiff a loser is inherently harassing and abusive.

32. Defendant violated §§ 1692d and d(5) by placing numerous phone calls to Plaintiff's cellular phone number after being requested to cease the unwanted calls.

33. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

34. Defendant's calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone.

35. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

   **b. Violations of 15 U.S.C. § 1692e**

36. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

37. Section 1692e(11) of the FDCPA requires that a debt collector states that is it "attempting to collect a debt and that the information obtained will be used for that purpose." 15 U.S.C. § 1692e(11).

38. Section 1692e(14) of the FDCPA specifically prohibits a debt collector from using any name other than the true name of the debt collector's business.

39. Defendant violated 15 U.S.C. §§ 1692e and e(11) when it failed to disclose the full mini-Miranda warning during the phone call with Defendant's representative, Annette.

40. Defendant violated 15 U.S.C. §1692e and e(14) when Defendant's representative, Annette, stated that the name of the company was "Optimal Infusion Services" and not Nationwide Recovery Systems, Ltd.

   **WHEREFORE**, Plaintiff, WALTER L. LARZIK, requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

   b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c.    Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d.    Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II:
### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

41. Paragraphs 12 through 40 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of Fla. Stat. § 559.72(7)

42. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

43. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the claimant after being asked to stop).

44. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, WALTER L. LARZIK, requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

**Plaintiff demands a trial by jury.**

Dated: March 3, 2021

Respectfully Submitted,

**WALTER L. LARZIK**

By: /s/ *Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com